IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
~~WESTERN~~ Central DIVISION

FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 29 2020

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| DILLARD'S, INC, | ) ) |
| Defendant. | ) |

4:20-cv-1152-LPR

CIVIL ACTION NO.

C O M P L A I N T

JURY TRIAL DEMAND

This case assigned to District Judge Rudofsky
and to Magistrate Judge Kearney

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on race and to provide appropriate relief to Tanisha Erby, Metasebia Mesfine, Evelyn Akins, Janine Fryer, Terricia Malone, Pauline Allbritton, Scheryl Walls, Wanda Jones, Winifred Morgan-Epps, and a class of current and former African American employees who have been adversely affected by such practices. As alleged with greater particularity below, the Commission alleges Dillard's, Inc. (Defendant Employer) discriminated against Tanisha Erby, Metasebia Mesfine, Evelyn Akins, Janine Fryer, Terricia Malone, Pauline Allbritton, Scheryl Walls, Wanda Jones, Winifred Morgan-Epps, and a class of current and former African American employees by failing to promote them into managerial and supervisory positions because of their race, Black.

Defendant Employer also fails to recruit African American college students into its Executive Development Program.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §2000e-5(f)(1) and (3) and 42 U.S.C. §2000e-2(a), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Arkansas, Western Division.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission (Commission) is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3) and 42 U.S.C. §2000e-3(a).

4. Defendant Employer is a department store chain with approximately 330 stores in 28 states and is headquartered in Little Rock, Arkansas.

5. At all relevant times, Defendant Employer has continuously been a foreign for-profit corporation doing business in the State of Arkansas and in other states across the nation and has continuously had at least 15 employees.

6. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Tanesha Erby, Commissioner Chai Feldblum, Metasebia Mesfine, Evelyn Akins, Janine Fryer, Terricia Malone, Pauline Allbritton, Scheryl Walls, Wanda Jones, Joyce Williams, and Winifred Morgan Epps filed charges of discrimination with the Commission alleging violations of Title VII by Defendant Employer.

8. On January 31, 2018, the Commission issued Defendant Employer a Letter of Determination finding reasonable cause to believe Defendant Employer violated Title VII and invited Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and to provide appropriate relief.

9. The Commission engaged in numerous communications with Defendant Employer to provide Defendant Employer with the opportunity to remedy the discriminatory practices described in the Letters of Determination.

10. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

11 On September 14, 2018, the Commission issued Defendant Employer Notices of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS OF LEAD CHARGING PARTY TANESHA ERBY

13. Since at least January 2011, Defendant Employer has engaged in unlawful employment practices at its Park Plaza, Little Rock, Arkansas facility in violation of §703(a) of Title VII, as amended, 42 U.S.C. §2000e-2(a).

14. The unlawful practices include, but are not limited to, Defendant Employer's failure to promote Erby to a managerial or supervisory position because of her race, Black.

      a. Erby began her employment as a sales associate in October 2005 at Defendant Employer's Park Plaza location in Little Rock, Arkansas.

      b. In February 2011 Defendant Employer denied Erby a promotion to an auditor position.

      c. Defendant Employer never promoted Erby to a managerial or supervisory position.

      d. Defendant Employer fails to post job vacancies.

      e. Defendant Employer does not have a written promotion policy.

      f. Defendant Employer employs a "tap on the shoulder" approach to filling vacant supervisory and managerial positions.

      g. Erby resigned from her employment with Defendant Employer in March 2014.

15. The effect of the practices complained of in Paragraph 14 has been to deprive Erby of equal employment opportunities and to otherwise adversely affect her employment because of her race, Black.

16. The unlawful employment practices complained of in Paragraph 14 were intentional.

17. The unlawful employment practices complained of in Paragraph 14 were done with malice or with reckless indifference to the federally protected rights of Erby because of her race, Black.

**STATEMENT OF CLAIMS OF THE OTHER CHARGING PARTIES**

18. Since at least January 2011, Defendant Employer has engaged in unlawful employment practices at facilities in, including but not limited to, Little Rock, Arkansas; Montgomery, Alabama; St. Petersburg, Florida; Newman, Georgia; Cedar Hill, Texas; Biloxi,

Mississippi; North Little Rock, Arkansas; and Metairie, Louisiana, in violation of §703(a) of Title VII, as amended, 42 U.S.C. §2000e-2(a).

19. The unlawful practices include, but are not limited to, Defendant Employer's failure to promote Charging Parties to managerial or supervisory positions at its locations because of their race, Black.

    a. Some or all of the Charging Parties expressed interest to management of their interest in promotional opportunities.

    b. Defendant Employer does not have a written promotion policy.

    c. Defendant Employer employs a "tap on the shoulder" approach to fill vacant supervisory and managerial positions.

    d. Some or all of the Charging Parties complained to management that they were denied promotional opportunities.

    e. Some or all of the Charging Parties trained White employees whom Defendant Employer promoted instead of Black employees.

    f Defendant Employer fails to post job vacancies to managerial or supervisory positions at any of its locations.

    g. By failing to post job vacancies to managerial or supervisory positions, Blacks continue to be grossly underrepresented in those positions.

20. The effect of the practices complained of in Paragraph 19 has been to deprive Charging Parties of equal employment opportunities and to otherwise adversely affect their employment because of their race, Black.

21. The unlawful employment practices complained of in Paragraph 19 were intentional.

22. The unlawful employment practices complained of in Paragraph 19 were done with malice or with reckless indifference to the federally protected rights of Charging Parties because of their race, Black.

## CLAIMS OF THE CLASS MEMBERS

23. Since at least January 2011, Defendant Employer has engaged in unlawful employment practices at various locations across the United States in violation of §703(a) of Title VII, as amended, 42 U.S.C. §2000e-2(a).

24. The unlawful practices include, but are not limited to, Defendant Employer's failure to promote a class of current and former Black employees because of their race, Black.

   a. The class members were discovered during the Commission's investigation of the charges filed by Tanisha Erby and the other Charging Parties.

   b. All the class members contacted to date allege Defendant Employer passed them over for promotional opportunities to managerial and supervisory positions because of their race, Black.

   c. Defendant does not have a written promotion policy.

   d. Defendant Employer employs a "tap on the shoulder" approach to fill vacant supervisory and managerial positions.

   e. Defendant Employer fails to post job vacancies to managerial or supervisory positions at any of its locations.

   f. By failing to post job vacancies to managerial or supervisory positions, Blacks continue to be grossly underrepresented in those positions.

25. The effect of the practices complained of in Paragraph 24 has been to deprive a class of current and former African American employees of equal employment opportunities and to otherwise adversely affect their employment because of their race, Black.

26. The unlawful employment practices complained of in Paragraph 24 were intentional.

27. The unlawful employment practices complained of in Paragraph 24 were done with malice or with reckless indifference to the federally protected rights of the class of current and former African American employees because of their race, Black.

## LITTLE ROCK BUYERS PROGRAM CLAIMS

28. Since at least January 2011, Defendant Employer has engaged in unlawful employment practices at various locations across the United States in violation of §703(a) of Title VII, as amended, 42 U.S.C. §2000e-2(a).

29. The unlawful practices include, but are not limited to, Defendant Employer's failure to recruit and place African American students into its Little Rock Buyers Program because of their race, Black.

    a. Defendant Employer recruits and places college students as paid interns for its Little Rock Buyers Program.

    b. Based on information and belief, the Little Rock Buyers Program eventually leads to a managerial or supervisory position.

    c. Since the beginning of the Little Rock Buyers Program, Defendant Employer has recruited and placed approximately 41 interns at various locations.

    d. Forty of the recruits placed in the Little Rock Buyers Program are White.

   e. To date, Defendant Employer has placed only one Black into the Little Rock Buyers Program.

30. The effect of the practices complained of in Paragraph 29 has been to deprive African American college students of equal employment opportunities and to otherwise adversely affect their employment because of their race, Black.

31. The unlawful employment practices complained of in Paragraph 29 were intentional.

32. The unlawful employment practices complained of in Paragraph 29 were done with malice or with reckless indifference to the federally protected rights of any African American students who were denied hire into Defendant Employer's Little Rock Buyers Program because of their race, Black.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates based on race, Black.

B. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation and any other employment practice which discriminates against an employee who has engaged in a protected activity under Title VII.

C. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for African Americans and which eradicate the effects of its past and present unlawful employment practices.

D.	Order Defendant Employer to make whole Tanisha Erby and other Charging Parties by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

E.	Order Defendant Employer to make whole Tanisha Erby and other Charging Parties by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

F.	Order Defendant Employer to pay Tanisha Erby and other Charging Parties punitive damages for its malicious and reckless conduct described above in amounts to be determined at trial.

G.	Order Defendant Employer to make whole a class of current and former employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

H.	Order Defendant Employer to make whole a class of current and former employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

I.	Order Defendant Employer to pay a class of current and former employees punitive damages for its malicious and reckless conduct described above in amounts to be determined at trial.

J.	Order Defendant Employer to recruit qualified African American students into its Little Rock Buyers Program.

K.	Order Defendant Employer to target historically black colleges for qualified students for recruitment into its Little Rock Buyers Program.

L.   Grant such further relief as the Court deems necessary and proper in the public interest.

M.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

**SHARON FAST GUSTAFSON**
General Counsel

**ROBERT A. CANINO**
Acting Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*Faye A. Williams by PBD*
**FAYE A. WILLIAMS**
Regional Attorney
Tennessee Bar No. 011730

*Timothy Bowne by PBD*
**TIMOTHY BOWNE**
Supervisory Trial Attorney
Texas Bar No. 00793371

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Memphis District Office
1407 Union Avenue, Suite 901
Memphis, TN 38104
(901) 544-0088

*Pamela B. Dixon*
**PAMELA B. DIXON**
Senior Trial Attorney
Arkansas Bar No. 95085

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Little Rock Area Office
820 Louisiana Street, Ste. 200
Little Rock, AR 72201
(501) 324-5065
pamela.dixon@eeoc.gov

10