IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ) ) ) Plaintiff, ) ) v. ) ) DILLARD'S INC. ) ) Defendant. ) ) | CIVIL ACTION NO.4:20-cv-1152-LPR |

## CONSENT DECREE

### INTRODUCTION

Plaintiff Equal Employment Opportunity Commission (Commission), an agency of the United States government, filed this action against Defendant Dillard's Inc. (Dillard's) to enforce Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Complaint alleges Dillard's failed to promote Blacks into management/supervisory positions because of their race. The Complaint also alleges Dillard's constructively discharged another employee and retaliated against another employee.

Dillard's steadfastly denies these allegations, but in support of its resolute commitment to the principles of equal employment opportunity for all and to avoid protracted and continued litigation, the Commission and Dillard's have consented to entry of this Decree.

The Commission and Dillard's, the Parties to this Consent Decree, stipulate and consent to entry of this Decree to resolve this action for all employees, current and former, who have claims within the scope of this lawsuit and the charges of discrimination filed that resulted in this civil action.

The terms of this Consent Decree are adequate, reasonable, equitable and just, and the rights of the Parties and the public interest are adequately protected by the Decree.

It is hereby ORDERED, ADJUDGED, AND DECREED:

## JURSIDICTION

1. The United States District Court for the Eastern District of Arkansas, Central Division, has jurisdiction over the Parties and the subject matter of this litigation and shall retain jurisdiction over this Decree for the purposes of enforcement.

2. Neither of the Parties shall contest jurisdiction of this Court to enforce this Decree and its terms or the right of the Parties to seek enforcement in the event either party breaches any of the terms of this Decree.

## PURPOSES OF THE DECREE

3. The Parties enter into this Decree for the following purposes:

    a. to resolve all of the issues alleged in the charges of discrimination filed against Dillard's as listed in Paragraph 6, alleging denial of promotions based on race (and constructive discharge) and for the class members listed in the Commission's February 24, 2020 correspondence to Dillard's;

    b. to provide monetary and injunctive relief to charging parties and class members as listed in Paragraph 6 of this document and in

2

       correspondence dated February 24, 2020, from the Commission to Dillard's;

    c.    to document Dillard's' compliance with Title VII of the Civil Rights Act of 1964;

    d.    to document Dillard's' efforts to consider employees for promotion based on qualifications and not based on race;

    e.    to document that Dillard's will train store managers regarding Title VII of the Civil Rights Act of 1964; and,

    f.    to document that Dillard's' store managers recognize that Dillard's will not tolerate or condone discrimination based on race, in particular with regard to promotion and with regard to the Little Rock Buyer's Program.

## SCOPE OF THE DECREE

4.    This Consent Decree shall apply to all of Dillard's' retail stores nationwide.

## DURATION OF THE DECREE

5.    Upon entry of the Decree by the Court, the provisions of this Decree become immediately effective and shall bind the Parties for two years.

## ISSUES RESOLVED

6.    This Decree resolves all issues and claims arising out of the Commission's Complaint, Civil Action No. 4:20-cv-1152 based on the following charges:

    a.    Tanisha Erby, Charge Nos. 493-2011-00879 and 493-2013-01062;

    b.    Commissioner Chai Feldblum, Charge No. 493-2013-01026;

    c.    Evelyn Akins, Charge No. 493-2013-00495;

  d. Metasebia Mesfine, Charge No. 420-2014-02441;

  e. Wanda Jones, Charge No. 450-2014-02576;

  f. Janine Fryer, Charge Nos. 410-2014-03356 and 410-2019-05810;

  g. Scheryl Walls, Charge No. 423-2016-00606;

  h. Pauline Albrutton, Charge No. 511-2016-00909;

  i. Terricia Malone, Charge No. 493-2017-00323;

  j. Joyce Williams, Charge No. 461-2018-02333; 461-2018-03027; and 461-2020-00525; and

  k. Winifred Morgan Epps, Charge No. 461-2018-01171.

7. The Commission reserves the right to proceed with respect to any matters not covered in this Decree and to secure relief on behalf of aggrieved persons not covered by this Decree.

## INJUNCTIVE RELIEF

8. Defendant, which includes its supervisors, managers, officers, directors, agents, successors, subcontractors, and all other persons in active concert shall not discriminate based on race in the promotion of employees to management and supervisory positions at its retail stores.

9. Defendant, which includes its supervisors, managers, officers, directors, agents, successors, subcontractors, and all other persons in active concert shall not retaliate against any current or former employee who filed a charge of discrimination, gave testimony, assisted, or participated in any manner in any investigation, proceeding, or hearing under Title VII.

## WRITTEN PROMOTION POLICY

10. Within 60 days after entry of this Decree, Dillard's shall develop a written promotion policy to include the following elements:

    a. a statement that Dillard's will not discriminate based on race in making promotions to management/supervisory positions up to area selling manager (ASM) positions in the store;

    b. Dillard's will not employ a "tap on the shoulder" process for any promotion referenced in Paragraph 10a[1];

    c. Each of Dillard's' retail stores will post all of its own open positions referenced in Paragraph 10(a) in its store on its on-site bulletin boards where it customarily posts notices to employees;

    d. Dillard's shall designate a time period to submit applications no shorter than four days from the date posted.

    e. Dillard's shall not fill any position until after the application period closes;

    f. For all promotions to positions up to that of ASM, the store manager, with the assistance of Human Resources or other designated individuals, shall make a good faith effort to select the most qualified person who applies for the position using criteria such as but not limited to disciplinary history,

---

[1] This prohibition does not prohibit management from approaching a current employee to draw the employee's attention to the posted notice of a management/supervisory open position. Further, it does not prohibit management from advising non-employees of that opening. Rather, the selection for vacant positions referenced in paragraph 10a may not be made solely outside of the written promotion policy.

5

attendance, sales metrics (including sales per hour, returns, credit applications, and related data), clientele-based sales, initiative, previous management experience of comparable sales volume, long-term career interests, ability to travel, and length of service with Dillard's, prior retail experience, leadership, and qualities such as the ability to motivate employees, ability to work cooperatively with others, customer service skills, ability to resolve conflicts, scheduling availability, willingness to work in excess of 40 hours per week (to include weekends and holidays), relevant education, interest in promotion, compensation expectations, and any other non-prohibited factor that Dillard's reasonably believes reflects on the individual's candidacy;

g.  if no job description exists for a position referenced in Paragraph 10(f), Dillard's will create a job description and apply that criteria to its selection.

## DISTRIBUTION OF PROMOTION POLICY

11. Within 45 days following the development of Dillard's' promotion policy, Dillard's shall post its new promotion policy at each retail store where it customarily posts notices to employees.

## LITTLE ROCK BUYERS PROGRAM

12. Dillard's shall modify its Little Rock Buyers Program as follows:

a.  the Program description shall contain a statement confirming that

6

        Dillard's considers all qualified applicants regardless of race or other prohibited status; and

   b.   Should Dillard's seek candidates for the Program, it will include contacting one or more Historically Black Colleges and Universities.

## COMPLAINT PROCEDURES

13.   For the duration of this Decree, Dillard's shall maintain and monitor an email address and anonymous employee hotline dedicated to receiving and investigating, to the extent circumstances dictate, employee complaints alleging failure to promote to management/supervisory positions based on race.

   a.   Absent extenuating circumstances, Dillard's shall monitor the dedicated email address and hotline and shall attempt to contact the complainant within 48 hours of the complaint;

   b.   Dillard's shall investigate all complaints received through its dedicated email address and hotline number to the extent required by the facts in question;

   c.   Dillard's shall maintain notes of its investigation.

   d.   Dillard's shall post the designated email address and hotline number in an area where Dillard's customarily posts notices to employees.

## LIVE TRAINING

14.   Within 100 days after the entry of the Decree, Dillard's shall conduct training sessions for all of its store managers which shall last a minimum of two hours and consist of anti-discrimination training in the promotion process. The training shall

include the following:

    a.    an overview of Title VII of the Civil Rights Act of 1964;

    b.    discussion of what conduct constitutes discrimination, to include discrimination based on race;

    c.    discussion of what conduct constitutes retaliation;

    d.    discussion of Dillard's' new policy for promotion into management/supervisory positions;

    e.    discussion of Dillard's' policy against retaliation;

    f.    discussion of Dillard's' complaint process for reporting alleged discrimination (e.g. the complaint email and telephone hotline).

    g.    a video clip of an officer of Dillard's reinforcing Dillard's' policy against discrimination, to include discrimination based on race, Black, stating that Dillard's does not tolerate any discrimination in the workplace and stating that there are serious consequences for engaging in any discrimination in the workplace, up to and including termination.

    15.    Dillard's shall provide a report of the training outlined in Paragraph 14 within 90 days following the conclusion of the training sessions and any required makeup training sessions. The report shall include:

    a.    a copy of the training materials;

    b.    a roster of attendees;

    c.    a signed acknowledgement or management-certified list of

        attendees, which may be executed electronically or in any other appropriately socially-distanced, safe, convenient, and efficient manner by the trainees; and

    d.    an acknowledgement that they received a copy of the new promotion policy

16.    Dillard's shall send the report to EEOC MEDO decree

17.    Dillard's shall retain an outside human resources consultant or attorney who has specialized knowledge of employment discrimination or who has experience in labor and employment law, specifically race discrimination, to conduct the initial training which may be conducted in person, through remote video telecast, or by recorded presentation that includes the requirements listed in Paragraph 14.

18.    Dillard's shall video record the training session discussed in Paragraph 14. Dillard's shall require any employee absent on the date of the initial training session to watch the video recording within one week of the employee's return to work or otherwise within a reasonable time thereafter.

19.    For the second year of the duration of this Decree, Dillard's shall conduct a refresher training on race discrimination and retaliation for all its store managers.

20.    The subsequent refresher training shall last a minimum of one hour, and Dillard's shall conduct this training using trainers with experience in race discrimination, to include its own in-house personnel.

21.    Within 30 days after the completion of the refresher training session, Dillard's shall notify the Commission that it conducted the required training. Dillard's

shall provide a signed roster of attendees and a copy of the training materials used at that training session to EEOC-MEDO-decree monitoring@eeoc.gov.

22. Dillard's shall inform all applicable employees in writing that the trainings are mandatory.

### NOTICE POSTING

23. Dillard's shall post a copy of the Notice attached as Exhibit B within 10 business days of entry of this Decree. Dillard's shall post Exhibit B in a conspicuous place upon its premises where notices to applicants and employees are customarily posted and keep a copy of the Notice attached as Exhibit B posted for a period of two years. In the alternative, Dillard's shall post the policy on its website where its employees customarily review company policies for the duration of the Decree.

24. Dillard's will also continue its practice of posting in conspicuous places the notice poster required by Title VII, 42 U.S.C. § 2000e-10.

### GENERAL MONETARY RELIEF

25. Dillard's shall pay a total of $900,000.00 in full and final settlement of the claims of the Commission on behalf of the charging parties and the class members as specified below.

26. The Commission shall provide Dillard's copies of the signed releases (see Exhibit A) and executed IRS Form W-4s (2020) prior to Dillard's dispensing of the checks.

    a. to receive a settlement payment under this Decree, charging parties and class members must sign the Release (Exhibit A) and return the signed Release to the Commission by the

10

        deadline established by the Commission;

    b.    charging parties and class members who fail to return the signed Release are deemed to have rejected the settlement amount and lose eligibility to receive any payment from the settlement fund; and,

    c.    in the event funds remain, the Commission will redistribute those funds to the charging parties identified in Paragraph 6 in amounts to be determined by the Commission.

27.    Within 20 days from Dillard's' receipt of the last Release and IRS Form W-4s (2020), the Commission shall provide to Dillard's via email, a Final Class Distribution List along with a copy of the signed Release for each payee.

    a.    the List shall contain the name of each payee, the mailing address and telephone number of the payee, and the total amount to be paid, specifying the amount of back pay and the amount of compensatory damages;

    b.    Dillard's shall issue a W-2 Form for the designated back pay amount and withhold applicable deductions;

    c.    Dillard's shall issue a 1099 Form for the designated compensatory damages amount;

    d.    the Commission retains sole discretion to determine the amount awarded to each payee;

    e.    Dillard's shall provide copies of all checks to Pamela Dixon at pamela.dixon@eeoc.gov; and,

    f.    Checks are to be distributed with 30 days of receipt of said list.

28.     Late payment of the checks shall be subject to the accrual of interest pursuant to 28 U.S.C. § 1961.

## REPORTING PROVISIONS

29.     Notwithstanding the report outlined in Paragraph 15 following Dillard's' initial training, Dillard's shall submit its first annual report within 12 months of the entry of the Decree and its second report within 23 months of the entry of the Decree. The reports shall contain the following:

    a.    any complaints of failure to promote to supervisory/management position up through ASM positions at Dillard's' retail store locations based on race, Black, during the time frame covered by this report;

    b.    the results of any investigation;

    c.    the remedial actions taken with respect to such complaints;

    d.    a list of all persons who applied for management/supervisory positions through the ASM position at the retail store, to include the person's race;

    e.    a list of all persons promoted, as defined in Paragraph 10(a), during the time frame covered by the report to include the name of the person promoted, the race of the person promoted, the position promoted from, and the position promoted to; and,

    f.    a certification by Dillard's that the Notices required to be posted as referenced above remained posted during the time period preceding the report.

30. Dillard's shall submit all reports required under the Decree to [EEOC-MEDO-decree monitoring@eeoc.gov.](mailto:EEOC-MEDO-decreemonitoring@eeoc.gov)

## MONITORING

31. The Commission shall have the right to monitor and review compliance with this Decree with reasonable written advance notice. Dillard's shall cooperate with the Commission in any review function as it relates to this Decree. Specifically, the Commission shall have the right to the following:

    a. attend training sessions required by this Decree;

    b. interview employees related to the Company's compliance with its requirements pursuant to this Decree as long as Dillard's is afforded a right to counsel with respect to interviews of its management/supervisory employees;

    c. inspect Dillard's' retail store premises upon prior written notice of five business days to ensure the notices required pursuant to this Decree are posted; and,

    d. review applications of employees who applied for promotions to supervisory/management positions as defined in Paragraph 10(a).

## NOTIFICATION OF SUCCESSOR

32. Dillard's shall provide prior written notice to any potential purchaser of Dillard's' business or a purchaser of all or a material portion of Dillard's' assets or to any other potential successor of the Commission's lawsuit and the existence and contents of the Consent Decree as long as the Decree remains effective.

## DISPUTE RESOLUTION

33.     If Dillard's fails to comply with the terms of this Decree, the Commission has a right to enforce the obligations under this Decree. The Commission shall provide 15 days' notice to Dillard's' General Counsel and its undersigned counsel of any deficiency in complying with the terms of this Decree. If the Commission and Dillard's are unable to reach an agreement regarding resolution of any such deficiency in Dillard's' compliance with the terms of this Decree, the Commission shall then have the option of petitioning the Court for relief.

## COSTS

34.     The Commission and Dillard's shall bear their own costs, attorney fees, and expenses in this lawsuit other than costs.

**IT IS SO ORDERED** THIS 8TH DAY OF OCTOBER 2020.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

| FOR THE COMMISSION: | FOR DEFENDANT: |
|---|---|
| **SHARON FAST GUSTAFSON** <br> General Counsel | /s/J. Bruce Cross <br> **J. BRUCE CROSS** |
| **ROBERT A. CANINO** <br> Acting Deputy General Counsel | CROSS, GUNTER, WITHERSPOON & GALCHUS, PC <br> 500 President Clinton Ave. Ste. 500 |
| **GWENDOLYN Y. REAMS** <br> Associate General Counsel | **Little Rock, AR  72201** <br> (501) 371-9999 <br> Little Rock, AR  72201 <br> (501) 371-9999 |
| /s/ Faye A. Williams <br> **FAYE A. WILLIAMS** <br> Regional Attorney | /s/Steven W. Moore <br> **STEVEN W. MOORE** <br> Fox Rothschild LLP <br> 1225 17th St, Suite 2000 <br> Denver, CO 80202 <br> (303) 383-7665 |
| /s/ Timothy Bowne <br> **TIMOTHY BOWNE** <br> Supervisory Trial Attorney | |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION <br> 1407 Union Ave., Ste. 901 <br> Memphis, TN  38104 <br> (901) 544-0088 | . |
| /s/ Pamela B. Dixon <br> Senior Trial Attorney | |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION <br> 801 Louisiana, Ste. 200 <br> Little Rock, AR  72201 <br> (501) 324-5065 | |

# EXHIBIT A

# RELEASE

I, _____ [Class Member Name], in consideration for $_____ [to be specified by the EEOC], less all required withholdings, paid to me by Defendant in connection with the resolution of *EEOC v. Dillard's, Inc.,* Case No. _____ (E.D. Ark.), waive my right to recover for any claims of race discrimination arising under Title VII of the Civil Rights Act of 1964, as amended, that I had against Defendant prior to the date of this release and that were included in the claims alleged by EEOC's complaint in *EEOC v. Dillard's, Inc.*

Date: _____          Signature: _____

## EXHIBIT B

## NOTICE TO ALL EMPLOYEES

1. This Notice to all retail employees of Dillard's, Inc. is posted as part of the agreement reached between Dillard's and the Equal Employment Opportunity Commission in settlement of a complaint alleging race discrimination in promotion from non- management/supervisory positions to management/supervisory positions. Dillard's denies all allegations of wrongdoing, and although no court has found that Dillard's violated any statue, order, law, or regulation, in support of its resolute commitment to the principles of equal employment opportunity, Dillard's believes that a mutual resolution of this matter with the Commission is in the best interests of all.

2. Federal law requires an employer to maintain a workplace free from discrimination based on race, as well as sex, color, religion, national origin, age (40 or older), or disability with respect to terms and conditions of employment. It is also unlawful under Title VII to retaliate against any applicant or employee who opposes a practice made unlawful under federal law, or files, assists or participates in the filing of a charge of discrimination or participates in any investigation under Title VII.

3. Dillard's shall not tolerate or condone race discrimination or retaliation against any employee or applicant for employment. Retaliation and discrimination violate Company policy as well as federal law. Violations of these Company policies by anyone employed by Dillard's shall result in disciplinary action up to and including termination.

4. Dillard's is committed to providing a workplace free of race discrimination.

5. Dillard's supports and shall comply with Title VII in all respects and shall not take any action against any employee because the employee opposed employment practices made illegal by Title VII or exercised his/her rights under the law by filing a charge with the Equal Employment Opportunity Commission or because he/she testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under Title VII.

6. If you believe you have been discriminated against in violation of federal law, you may contact Dillard's at legal@dillards.com (email) or on its telephone hotline 1 (866) 353- 6787. Additionally, you may access the EEOC at 1-800-669-4000. The TTY number for hearing impaired is 1-800-669-6820. Additional information may also be found at eeoc.gov. Finally, you may contact the Little Rock Area Office at 501-324-5060.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**Dillard's, Inc.**

By:_____

_____
Date